**JAU WENG TJOENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–5821–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2007.

Henry Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Hannah Baublitz, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jau Weng Tjoeng, a native and citizen of Indonesia, seeks review of a December 6, 2006 order of the BIA affirming the June 28, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert, denying Tjoeng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jau Weng Tjoeng,* No. A96 426 831 (B.I.A. Dec. 6, 2006), *aff'g* No. A96 426 831 (Immig. Ct. N.Y. City June 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). However, this Court lacks jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excuse the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

■ Here, the IJ's findings that Tjoeng's asylum application was untimely and that this untimeliness was not excused by the existence of changed country conditions in Indonesia were purely factual determinations which this Court has no authority to review. 8 U.S.C. § 1158(a)(3); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 179–80 (2d Cir.2006). Thus, we must dismiss that portion of Tjoeng's petition for

review that challenges the denial of his asylum claim. 8 U.S.C. § 1158(a)(3).

This result is not changed by Tjoeng's argument that the IJ violated his right to due process by failing to consider all the evidence he offered of changed country conditions. A petitioner cannot transform a "quarrel[ ]" over the correctness of fact-finding and of discretionary decisions" into a constitutional claim simply by invoking the words "due process." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 331 (2d Cir.2006). Due process requires only that an asylum applicant have "a full and fair opportunity to present [his] claims." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006) (internal quotation and citation omitted). Tjoeng had the opportunity to submit evidence of changed country conditions in Indonesia, and despite his assertion to the contrary, the IJ did consider that evidence.

Even though this Court lacks jurisdiction to review Tjoeng's asylum claim, it does have jurisdiction to consider his challenge to the IJ's denial of his claims for withholding of removal and CAT relief. We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Here, substantial evidence supports the IJ's finding that Tjoeng, an ethnic Chinese Christian, failed to establish eligibility for either withholding of removal or CAT relief. The IJ reasonably found that the incidents he described-being bullied by his classmates because he was Chinese and being robbed-did not rise to the level of persecution and were more accurately characterized as harassment. *See Ivan-ishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). Further, while the background materials detail many instances of violence against ethnic Chinese and Christians, the record does not establish a pattern or practice of persecution either by the Indonesian government or by forces that the government is unable or unwilling to control. *See In re A–M*, 23 I. & N. Dec. 737, 741 (BIA 2005). In sum, the evidence in the record is insufficient to compel a finding that Tjoeng will more likely than not face persecution or torture upon return to Indonesia. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).